IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 25-cr-20825
Hon. Gershwin A. Drain

BEKEIBA HOLLAND,

    Defendant.
_____/

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE RELATING TO WARRANTLESS SEIZURES, SEARCHES AND ARREST AND/OR FOR EVIDENTIARY HEARING

## BACKGROUND

The government has previously argued that the Detroit Police Department was investigating a homicide that occurred on or about October 14, 2025. Apparently, pursuant to that investigation, Detroit Police Officers stopped a vehicle driven by the Defendant on October 16, 2025. [This stop shall hereinafter be referred to as "Stop 1."]. The officers advised the Defendant that they did not have authority to arrest him (per a superior) but, instead, they were told to confiscate his vehicle and cell phones. The officers advised the Defendant that they had a warrant for the seizure, although no warrant was produced. [The undersigned has subsequently learned, and the government will acknowledge that no warrant existed for this stop.]. Being without a vehicle, the Defendant requested transportation from his significant other, Yvette Webb. As a result of the previous seizure of the Defendant's vehicle the couple shared use of said vehicle. Not too long after Stop 1 occurred, Ms. Webb's vehicle was stopped on 696 in Metro Detroit. [This stop shall hereinafter be referred to as "Stop 2."]. The alleged purpose of the stop was to arrest the Defendant. Ms. Webb had a valid driver's license and CPL. Ms. Webb was removed from the vehicle and detained as well as the Defendant. The vehicle was subsequently searched whereupon certain firearms were seized. Two of the firearms in question undisputably belong to Ms. Webb. The instant charges are based on the firearms found during "Stop 2." Although he was arrested on October 16, 2025, the Defendant, as of February 9, 2026, has not been charged with the alleged homicide despite the fact that the government will claim that the arrest attendant to "Stop 2" was based on probable cause.

## ANALYSIS

The Fourth Amendment protects the right of the people to be free from unreasonable searches and seizures. U.S. Const. amend. IV. Warrantless searches and seizures are per se

2

unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions. See: *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). The constitutionality of a warrantless arrest turns on its reasonableness. *District of Columbia v Wesby*, 583 U.S.48, 56, 138 S. Ct. 577, 199 L. Ed. 2d 453 (2018). "A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence." *Id.* A passenger of a motor vehicle has standing to challenge the constitutionality of a motor vehicle stop. See: *Brendlin v California, 551 U.S. 249; 127 S. Ct. 2400; 168 L. Ed. 2d 132 (2007).*

### STOP 1

Personal effects belonging to the Defendant were taken from the Defendant on October 16, 2026 – namely, his vehicle and two cell phones. No warrant was produced despite the Defendant being advised that a search warrant existed. It is now uncontested that no warrant existed for this stop and seizure. An Evidentiary Hearing is requested to determine the constitutionality of the initial stop/seizure.

### STOP 2

This stop/seizure/arrest occurred mere hours after "Stop 1" on October 16, 2026. The officers conducting the stop of Ms. Webb's vehicle on 696 did not possess an arrest warrant for her or the Defendant. Moreover, they did not observe Ms. Webb violate any traffic laws. Instead, the stop and subsequent arrest of Mr. Holland was described as a "Felony Stop." The government will likely argue that the arrest was based on "probable cause." Both Ms. Webb and Mr. Holland were detained, and an extensive search of the vehicle was conducted.

In short, in the present case, the Defendant's rights were systematically violated on October 16, 2025. Initially, his vehicle and cellphones were seized despite the fact that no warrant existed

to support this intrustion. [Indeed, at the time of that encounter, the Defendant was specifically advised by the officers that they did not have a basis to arrest him.] A short while later, Ms. Webb's vehicle was stopped and searched without lawful basis and absent a warrant. The Defendant was arrested prior to the search of Ms. Webb's vehicle and absent probable cause. Any evidence seized during and/or derived from these intrusions must be suppressed as fruit of the poisonous tree. *Wong Sun v United States, 371 U.S. 471 (1963).*

Wherefore, the Defendant requests that this Honorable Court suppress the evidence seized and/or to grant an evidentiary hearing.

                                      Respectfully submitted,

                                      **/s/ Jeffery A. Taylor**

                                      JEFFERY A. TAYLOR (P46505)
                                      Attorney for Defendant
                                      13335 Fifteen Mile Road #222
                                      Sterling Heights, MI 48312
                                      248.225.6219
                                      jtlaw@mac.com

Dated: February 9, 2026